# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 09-31090
Summary Calendar

Lyle W. Cayce
Clerk

DIMARCO LEWIS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-2848

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dimarco Lewis, Louisiana prisoner # 466781, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his convictions for armed robbery, attempted armed robbery, and two counts of attempted second-degree murder. A certificate of appealability was granted on the issue whether the district court erred by denying a claim that counsel provided ineffective assistance by failing to provide proper notice of an alibi witness, which resulted in this witness not being allowed to testify.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31090

We must defer to a state habeas court's determination of the merits of the prisoner's claims unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2). To obtain relief under § 2254, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). We review the district court's findings of fact for clear error and issues of law de novo. *Harrison v. Quarterman*, 496 F.3d 419, 423 (5th Cir. 2007).

Lewis has failed to provide any evidence from the witness herself showing that she was willing to testify and setting out the content of her expected testimony. In addition, the witness's testimony, as alleged by Lewis, would have been relevant only to two of the four charges, the testimony would have been cumulative of earlier testimony, and the witness's credibility could have been questioned based on her close family relationship with Lewis. Finally, several other witnesses identified Lewis as one of the perpetrators. Even if this court presumes that reasonable jurists could not disagree that counsel performed deficiently by failing to list this alibi witness, Lewis cannot show "beyond any possibility for fairminded disagreement" that, if counsel had listed this witness and she had testified, the result of his trial would have been different. *See Harrington*, 131 S. Ct. at 786-87*; Strickland v. Washington,* 466 U.S. 668, 694 (1984).

AFFIRMED.